**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-02743-CMA

CHERYL L. PEREZ,

    Appellant,

v.

KEVIN P. KUBIE, Individually and in his Official Capacity as the
    Chapter 7 Trustee of the bankruptcy Estate of Cheryl L. Perez,
    Case No. 05-25535-ABC,

    Appellee.

## ORDER DISMISSING BANKRUPTCY APPEAL FOR LACK OF STANDING

During the course of her Chapter 7 bankruptcy proceedings, Cheryl L. Perez ("Perez") objected to the Application for Compensation filed by Kevin P. Kubie (the bankruptcy "Trustee"). The bankruptcy court conducted a hearing on the matter, determined that Perez lacked standing to raise any objections, and approved the Trustee's application. Perez has appealed the court's order approving the Trustee's application and attacks the court's determination that she lacked standing to object. However, for reasons akin to those that the bankruptcy court expressed, the Court determines that Perez lacks standing and, thus, dismisses her appeal.

## I. **BACKGROUND**

In 2005, Perez and others lost a Louisiana state-court action brought by a man named S. Stewart Farnet ("Farnet"). Perez appealed the judgment in Louisiana and, while the appeal was pending, filed for Chapter 11 relief in the United States Bankruptcy Court for the District of Colorado. Farnet submitted a claim against Perez in the bankruptcy proceeding, and the court found that Farnet had an allowed claim in the amount of $710,269.50. Perez did not appeal the bankruptcy court's order allowing Farnet's claim. Instead, she subsequently converted her Chapter 11 case to one under Chapter 7. On August 29, 2006, Kubie was appointed the Chapter 7 Trustee. Over the next few years, the Trustee actively administered the estate. Meanwhile, Perez's appeal of the state-court action was dismissed by a Louisiana appellate court and, by at least February 2010, the bankruptcy court was aware that Perez's estate no longer maintained an interest in the state-court appeal.

On August 2, 2011, the Trustee filed both his Final Report and his Application for Compensation. The Final Report showed an amount in allowed claims well in excess of the amount collected from liquidating the estate's property. In his Application for Compensation, the Trustee sought compensation of $40,529.30 and reimbursement for expenses of $5,848.28. Thereafter, Perez filed an Adversary Complaint against the Trustee, as well as Objections to the Trustee's Application for Compensation and Final Report.[1]

---

[1] Both filings focused primarily on Perez's assertion that the Trustee had poorly administered the estate by not pursuing the Louisiana state-court appeal and by allowing a life insurance policy, in which Perez had death benefit rights, to lapse.

On October 12, 2011, the bankruptcy court held a hearing on the matter.  During the hearing, the court found that Perez's estate was insolvent, observing "the amount that has resulted from the liquidation of the assets is less than the debts of [the] estate" and, therefore, concluding that Perez "has no economic stake in [the] estate."  Accordingly, the court further ruled that Perez was "without standing with respect to the objection that [she] sought to make . . . ."  However, the court clarified that such ruling did not impact Perez's Adversary Complaint, stating that it would "be handled in the ordinary course as it continues before this Court."  Instead, Perez's lack of standing pertained only to her objections to the Trustee's Application for Compensation – which the court then approved.  This appeal followed.

## II. STANDARD OF REVIEW

A district court sitting in an appellate capacity reviews a bankruptcy court's factual findings for clear error and its legal conclusions *de novo*.  *See In re Baldwin*, 593 F.3d 1155, 1159 (10th Cir. 2010).

## III. DISCUSSION

The right to appellate review of a bankruptcy matter is "limited to 'persons aggrieved,' *i.e.*, to those persons whose rights or interests are 'directly and adversely affected pecuniarily' by the decree or order of the bankruptcy court."  *Holmes v. Silver Wings Aviation, Inc.*, 881 F.2d 939, 940 (10th Cir. 1989) (citations omitted).  Only if "the estate is solvent and excess will eventually go to the debtor" – or if other particularized circumstances, which are not at issue here, pertain – is the debtor a person "aggrieved by orders affecting the administration of the bankruptcy estate."  *In re Weston*, 18 F.3d

860, 863-64 (10th Cir. 1994). The "persons aggrieved" test reflects the "understandable concern that if appellate jurisdiction is not limited, bankruptcy litigation will become mired in endless appeals brought by a myriad of parties who are indirectly affected by every bankruptcy court order." *Holmes*, 881 F.2d at 940.

In the instant case, the bankruptcy court did not clearly err in finding that the estate was insolvent; in fact, its finding is well-supported by the Trustee's Final Report. As such, because the estate is insolvent, Perez is not "directly and adversely affected pecuniarily" by the bankruptcy court's Order Approving the Application for Compensation. Therefore, she is not a "person aggrieved" by the court's order and, accordingly, lacks standing to appeal it. *See In re Weston*, 18 F.3d at 863-64; *Holmes*, 881 at 940.

Perez's argument that the existence of her Adversary Complaint somehow creates standing for her to bring this appeal does not compel a contrary conclusion. She cites no authority supporting her position, nor is the Court aware of any. To be sure, Perez has an Adversary Complaint, which both the Trustee and the bankruptcy court have recognized could potentially entitle her to damages if she can prove that the Trustee breached obligations she claims he owed her. However, the bankruptcy court did not pass on the merits of the Adversary Complaint during the October 12, 2011 hearing or in its subsequent order from which Perez appeals. Therefore, Perez puts the cart before the horse in attempting to argue here the merits of her Adversary Complaint.

Although irrelevant to her appeal, Perez's long diatribe on Tenth Circuit precedent regarding the liability of bankruptcy trustees compels the Court to offer a brief comment. Perez's criticism centers on *Sherr v. Winkler*, 552 F.2d 1367, 1375 (10th Cir.

4

1977), in which the Tenth Circuit stated that a bankruptcy trustee is "not liable, in any manner, for mistake in judgment where discretion is allowed" and "liable personally only for acts determined to be willful and deliberate in violation of his duties." In attempting to explain her position – which turns out to be that "*Sherr* is just flat wrong" – Perez takes the Court on a journey from Plato's cave to Richard Nixon's impeachment trial, with surprise appearances by King Henry, Louis XIV, and Benjamin Cardozo along the way. She poses a staggering number of rhetorical questions and even manages an *ad homonym* insult or two at the bankruptcy court's expense. (*See, e.g.*, Doc. # 9 at 21 (pontificating that the court "was just so unprepared that it merely shot from the hip and rendered a truly ill-considered decision").) From the "very first recorded and promulgated Roman law of debt collection" to her counsel's former years as a fledgling law clerk for a now deceased federal bankruptcy judge, Perez exposes the Court to a prolix and inherently self-contradictory, although apparently heart-felt, argument for why the Court's obligation to adhere to the doctrine of *stare decisis* should lead it to abandon the law set forth in *Sherr*, to which the Court is clearly bound, in favor of a less forgiving liability standard that Perez argues is mandated by Supreme Court cases *Sherr* and its progeny allegedly ignored.

To be clear, other Circuits also espouse the principles recited in *Sherr*. *See In re Rigden*, 795 F.2d 727, 730 (9th Cir. 1986) ("trustee is not liable for mistakes in judgment where discretion is allowed"); *United States v. Sapp*, 641 F.2d 182, 184-85 (4th Cir. 1981) ("[w]hen acting within the discretionary bounds of his authority, it is settled that the trustee may not be held liable for any mistake of judgment"); *In re Chicago Pac.*

5

*Corp.*, 773 F.2d 909, 915 (7th Cir. 1985) ("trustee may be held personally liable only for a willful and deliberate violation of his fiduciary duties"); *Ford Motor Credit Co. v. Weaver*, 680 F.2d 451, 462 (6th Cir. 1982) ("a bankruptcy trustee is liable personally only for acts willfully and deliberately in violation of his fiduciary duties"). But that does not stop Perez from asserting that "*Sherr* stands alone" in its discussion of a trustee's liability. Nor does she refrain from insisting that, in this case, the Trustee "claims the case of *Sherr v. Winkler* . . . to be good law and cites it[,]" despite there being no reference to the case in the Trustee's brief. Of course, that the Trustee ignores *Sherr* entirely stands to reason, as its discussion of liability is, for the reasons previously given, irrelevant to Perez's appeal.

In short, Perez's arguments on this point must await the proceedings on her Adversary Complaint – and the seemingly inevitable appeal that will follow.

## IV. **CONCLUSION**

For the foregoing reasons, it is ORDERED that Perez's appeal be DISMISSED WITH PREJUDICE for lack of standing.

DATED: September  17 , 2012

BY THE COURT:

*Christine M Arguello*

CHRISTINE M. ARGUELLO
United States District Judge